UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 19-cv-11055

| | |
|---|---|
| TRIPOINT HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PRIME TRUST, LLC, BANQ INC., and SCOTT PURCELL, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff TriPoint Holdings, LLC ("TriPoint"), by and through its undersigned counsel, hereby files this Complaint against Defendants Prime Trust, LLC ("Prime"), Banq Inc. ("Banq") and Scott Purcell ("Purcell" or "Individual Defendant") (collectively, the "Defendants").  In furtherance thereof, TriPoint respectfully alleges as follows:

## NATURE OF ACTION

1. This action arises from Defendants' unlawful scheme to misappropriate TriPoint's renowned brand name in order to deceive consumers and investors in New York and the United States.  With a single-minded focus on capitalizing on TriPoint's success under its brand name, Defendants methodically constructed a ploy to use TriPoint's trademark "BANQ" in connection with Defendants' financial and banking services.

1

## THE PARTIES

2. TriPoint is a Maryland limited liability company with its principal place of business in New York, New York. TriPoint licensed the use of the BANQ trademark to TriPoint Global Equities, LLC on or about November 30, 2018.

3. Upon information and belief, Defendant Prime is a Nevada limited liability company with its principal place of business in Nevada.

4. Upon information and belief, Defendant Banq is a Florida corporation with its principal place of business in Nevada.

5. Individual Defendant Purcell is the Chief Executive Officer of Defendant Banq and a managing member of Defendant Prime. Defendant Purcell resides in Las Vegas, Nevada. Upon information and belief, Individual Defendant Purcell is a conscious, dominant, and active force behind Defendants' wrongful acts, of which he has engaged in for the benefit of Defendants and his own individual benefit.

## RELEVANT NON-PARTIES

6. TriPoint Global Equities, LLC is a broker-dealer and boutique investment bank registered with the Financial Industry Regulatory Authority ("FINRA") as TriPoint Global/BANQ®[1] ("TriPoint Global") (collectively, TriPoint Global and TriPoint are referred to as the "TriPoint Companies"). TriPoint Global principal place of business is located in New York, New York.

## JURISDICTION AND VENUE

7. This Court's jurisdiction arises from the fact that: (i) this is an action brought under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, jurisdiction being conferred by

---

[1] FINRA Brokercheck report attached hereto as "Exhibit A."

15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338; (ii) this is a civil action in which Plaintiff and Defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being conferred under 28 U.S.C. § 1332(a); and (iii) TriPoint's state and common law claims are joined and related pursuant to 28 U.S.C. §§ 1367(a) and 1338(b).

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in this District and because a substantial portion of the events or acts complained of occurred within this District.

## FACTUAL ALLEGATIONS

**I.      TriPoint's Trademarks**

9.      TriPoint is the owner of United States Trademark Reg. No. 4,626,468 which covers the mark "BANQ" in International Class ("IC") 36, for use in, among other things ". . . FINANCIAL SERVICES, NAMELY, RAISING DEBT AND EQUITY CAPITAL FOR OTHERS; GLOBAL INVESTMENT RESEARCH SERVICES; INVESTMENT BANKING SERVICES; INVESTMENT BY ELECTRONIC MEANS . . ." (a true and correct copy of the registration certificate is attached hereto as "Exhibit B"). The USPTO registered BANQ on October 21, 2014, on the supplemental register and the BANQ trademark has been in continuous use since that date.  *See* Notice of Acceptance Under Section 8 (the "Notice of Acceptance") (a true and correct copy of the Notice of Acceptance is attached hereto as "Exhibit C").

10. TriPoint Global has used the BANQ trademark in commerce or anywhere at least as early as September 1, 2013. An example of TriPoint Global's use of the BANQ trademark is represented below:



11. Since the BANQ trademark has been in continuous use for six (6) years (as reflected in the Notice of Acceptance), TriPoint has filed a new USPTO trademark application, in class IC 36, for use in, among other things "FINANCIAL SERVICES, NAMELY, RAISING DEBT AND EQUITY CAPITAL FOR OTHERS; INVESTMENT BY ELECTRONIC MEANS . . ." for registration on the principal register.

12. Through the TriPoint Companies' continuous use of the BANQ trademark, the BANQ trademark has acquired a substantial reputation of quality service in the financial industry.

4



13.     Because of this long and substantial use, the BANQ trademark has individually and collectively come to identify the TriPoint Companies' goods and services and distinguish them from those of others.  The BANQ trademark has come to represent and symbolize the significant goodwill belonging exclusively to the TriPoint Companies.

14.     TriPoint also has a trademark application, Serial No. 88,277,279, for "BANQ ATS" in IC  36, for use in, among other things "PROVIDING AN ALTERNATIVE TRADING SYSTEM WITH THE U.S. SECURITIES AND EXCHANGE COMMISSION FOR BROKER-DEALER, INVESTMENT BANKING SERVICES; TRADING IN SECURITIES, NAMELY, CAPITAL RAISES FOR ISSUERS PROVIDING 24 HOURS/DAY-7 DAYS A WEEK TRADING INFRASTRUCTURE . . ." for registration on the principal register.

5

15. Finally, TriPoint has a trademark application, Serial No. 88,681,348, for "BANQ" in IC 9, for use in, among other things "DOWNLOADABLE MOBILE APPLICATIONS FOR ENABLING THE ELECTRONIC TRANSFER OF MONEY AND SECURITIES BETWEEN USERS, PROCESSING OF ELECTRONIC FUNDS TRANSFERS AND PAYMENTS MADE VIA ACH (AUTOMATED CLEARING HOUSE), WIRE TRANSFERS, ELECTRONIC VIRTUAL CURRENCIES, MOBILE ONLINE PAYMENTS TO FACILITATE THE BIDS, OFFERS, PURCHASES, SALES AND SETTLEMENT OF SECURITIES INCLUDING, BUT NOT LIMITED TO EQUITIES, DEBT INSTRUMENTS, MONEY MARKET FUNDS, MUTUAL FUNDS AND DIGITAL SECURITIES; DOWNLOADABLE SOFTWARE IN THE NATURE OF A MOBILE APPLICATION FOR ENABLING THE ELECTRONIC TRANSFER OF MONEY AND SECURITIES BETWEEN USERS, PROCESSING OF ELECTRONIC FUNDS TRANSFERS AND PAYMENTS MADE VIA ACH (AUTOMATED CLEARING HOUSE), WIRE TRANSFERS, ELECTRONIC VIRTUAL CURRENCIES, MOBILE ONLINE PAYMENTS TO FACILITATE THE BIDS, OFFERS, PURCHASES, SALES AND SETTLEMENT OF SECURITIES INCLUDING, BUT NOT LIMITED TO EQUITIES, DEBT INSTRUMENTS, MONEY MARKET FUNDS, MUTUAL FUNDS AND DIGITAL SECURITIES" for registration on the principal register.

16. TriPoint owns common law rights to the trademarks set forth in paragraphs 7-15 through TriPoint's extensive and continuous use of those marks in New York and other States in the United States (the "Common Law Marks," and together with the registered trademark set out in paragraph 7, the "TriPoint Marks").

17. Based on the extensive use of the TriPoint Marks in connection with TriPoint Global's services, the TriPoint Marks have taken on a secondary meaning among consumers as marks unique to and associated with the TriPoint Companies.

18. The TriPoint Marks, including, but not limited to the BANQ trademark, are valuable business and marketing assets of the TriPoint Companies, as they indicate to consumers the source of the high-quality services originating only from the TriPoint Companies.

19. The TriPoint Companies have expended substantial time, effort, and money advertising, promoting, and marketing the TriPoint Marks throughout the United States for years. As a result, the TriPoint Marks have become famous and distinctive.

## II. Defendants' Infringing Use of the TriPoint Marks

20. Defendant Prime operates a website located at the URL www.primetrust.com (the "Prime Website"). The Prime Website domain name is registered with GoDaddy.com, LLC (a true and correct copy of the registrar data for the Prime Website is attached hereto as "Exhibit D").

21. According the Prime Website, "Prime is the technology-driven financial institution that provides financial infrastructure solutions for the digital economy."

22. Defendant Banq operates a website located at the URL www.banq.com (the "Banq.com Website"). The Banq.com Website domain name is registered with GoDaddy.com, LLC (a true and correct copy of the registrar data for the Banq.com Website is attached hereto as "Exhibit E).

23. According to the Banq.com Website, Banq is a mobile banking application created by a group of alleged financial technology experts, which provides mobile banking, trust, crypto and other financial services.

24. On July 10, 2019, Defendant Prime applied to register the Banq mobile banking application with Apple, Inc. creating additional confusion with the BANQ trademark.  In addition, on August 27, 2019  Defendant Prime published the Banq mobile banking application with Google LLC's Google Play.

25. On September 10, 2019, Defendant Banq applied for the mark Banq in block letters, Serial No. 88611861, based on a claim of "intent to use" in IC 36, for use in, among other things "CRYPTOCURRENCY PAYMENT PROCESSING; ELECTRONIC TRANSFER OF MONEY; MERCHANT SERVICES, NAMELY, PAYMENT TRANSACTION PROCESSING SERVICES; FINANCIAL TRANSACTION SERVICES, NAMELY, PROVIDING SECURE COMMERCIAL TRANSACTIONS AND PAYMENT OPTIONS; FINANCIAL TRANSACTION SERVICES, NAMELY, PROVIDING SECURE COMMERCIAL TRANSACTIONS AND PAYMENT OPTIONS USING A MOBILE DEVICE AT A POINT OF SALE; ONLINE BANKING; ONLINE BANKING SERVICES ACCESSIBLE BY MEANS OF DOWNLOADABLE MOBILE APPLICATIONS; PROVIDING ELECTRONIC PROCESSING OF ELECTRONIC FUNDS TRANSFER, ACH, CREDIT CARD, DEBIT CARD, ELECTRONIC CHECK AND ELECTRONIC PAYMENTS; PROVIDING AN INTERNET WEBSITE PORTAL IN THE FIELD OF FINANCIAL TRANSACTION AND PAYMENT PROCESSING SERVICES."

26. On September 24, 2019, Defendant Banq also applied for the mark Banq in block letters, Serial No. 88628061, based on a claim of use in commerce since July 10, 2019, in IC 9, for use in, among other things "DOWNLOADABLE MOBILE APPLICATIONS FOR ENABLING THE ELECTRONIC TRANSFER OF MONEY BETWEEN USERS, PROCESSING OF ELECTRONIC FUNDS TRANSFERS AND PAYMENTS MADE VIA ACH (AUTOMATED CLEARING HOUSE), CREDIT CARD, DEBIT CARD, ELECTRONIC CHECK AND ELECTRONIC, VIRTUAL CURRENCIES, MOBILE AND/OR ONLINE PAYMENTS."  (The marks represented in Serial Nos. 88611861 and 88628061, both of which are pending formal review by the USPTO, make up the Defendants' Marks).

27. Defendant Banq, while at all times under the direction and control of Individual Defendant Purcell, has purposefully associated its business – and Defendants' Marks – with the BANQ trademark.  Defendants have done so willfully and intentionally in order to confuse and mislead the investing public into believing that the TriPoint Companies and the BANQ trademark endorses, or is affiliated with the Defendants' business.

28. In order to create such confusion, Defendants have co-opted TriPoint's BANQ trademark exactly and have systematically given the impression that Defendants' use of www.banq.com and the Banq mark on Defendant Prime's mobile application are associated with the same industry that the TriPoint Companies function.

29. Upon information and belief, Defendants began to use the Banq mark in connection with the operation of their business with full knowledge of the TriPoint Companies' rights in the BANQ trademark.  Indeed, Defendants – and the world at large

9

– have been on notice since TriPoint registered the BANQ trademark in 2014 that TriPoint owns the mark and that the BANQ trademark identifies the source of the TriPoint Companies' high-quality services under the TriPoint Marks. TriPoint has also used the BANQ trademark bearing the TM notice in commerce since September 2013.

30. Defendants' unauthorized use of the BANQ trademark is likely to cause confusion and deceive members of the public as to the true origin of Defendants' products and services. This unauthorized use also irreparably injures TriPoint by depriving TriPoint of the right to control the BANQ trademark and the quality of the services with which this mark is associated.

31. TriPoint has no interest in associating the TriPoint Companies and the BANQ trademark with the products or services provided by Defendants. Specifically, TriPoint Global, which licenses the use of the BANQ trademark, is a broker-dealer registered with FINRA and regulated by the U.S. Securities and Exchange Commission (the "Commission") while Defendants' business is not.

32. Upon information and belief, the www.banq.com and www.primetrust.com websites continue to be accessible to the public, and have been at all relevant times, operated and controlled by Individual Defendant Purcell.

33. Defendants' infringement of TriPoint's rights in and to the BANQ trademark have been and continues to be knowing, willful, and egregious and constitutes an intentional and/or reckless disregard of TriPoint's rights as registrant and owner of the BANQ trademark.

34. As a corporate officer, Individual Defendant Purcell has been and is the moving, active, and conscious force behind Defendants' willfully infringing acts.

Individual Defendant Purcell, at all relevant times, approved, authorized and/or directly participated in the infringing acts stated herein.

## COUNT I
### Lanham Act Trademark Infringement, 15 U.S.C. § 1114, § 1116
(Against All Defendants)

35. TriPoint repeats and re-alleges the allegations contained in paragraphs 1-34 as if fully set forth in this Count.

36. TriPoint is the owner of the federal trademark registration for the BANQ trademark.

37. By its registration and extensive use and promotion of the federally registered BANQ trademark, TriPoint has established a strong association in the public mind between the BANQ trademark and the services offered by the TriPoint Companies, specifically TriPoint Global.

38. Without authorization or consent, Defendants, through the conscious and deliberate acts of Individual Defendant Purcell, has reproduced and/or copied the BANQ trademark in connection with the offering for sale, distribution, and/or advertisement of its goods or services as provided on Defendant Banq's www.banq.com website, including, but not limited to Defendant Prime's mobile application on Apple and Google Play.

39. Defendants' above-mentioned conduct has caused or is likely to cause confusion, mistake, or deception among relevant consumers, who have been deceived into believing that Defendants' goods and services under the Banq brand are connected with, or sponsored or approved by the TriPoint Companies. Defendants' conduct is to the detriment of the TriPoint Companies' reputation, goodwill and sales.

11

40. Defendants' unlawful acts constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41. Upon information and belief, Defendants' acts have been willful, deliberate, and intended to benefit Defendants at TriPoint's expense.

42. TriPoint has suffered, and will continue to suffer, damages as a result of Defendants' unlawful acts.

43. TriPoint has no adequate remedy at law to compensate it fully for the damages caused by any continuing infringement of the BANQ trademark by Defendants, unless the same is enjoined by this Court.

## COUNT II
### Lanham Act Unfair Competition, 15 U.S.C. § 1125(a)
(Against All Defendants)

44. TriPoint repeats and re-alleges the allegations contained in paragraphs 1-43 as if fully set forth in this Count.

45. By misappropriating, using, and/or attempting to register marks confusingly similar to the federally registered BANQ trademark, Defendants, through the conscious and deliberate acts of Individual Defendant Purcell, have misrepresented to the relevant consuming public that TriPoint has endorsed, sponsored, and/or is affiliated with Defendants and their goods and services under the Banq brand, thereby creating a likelihood of confusion as to the source or sponsorship of Defendants' advertising, business, goods, and services.

46. Defendants' unlawful conduct constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Upon information and belief, Defendants' acts have been willful, deliberate, and intended to benefit Defendants at TriPoint's expense.

48. TriPoint has suffered and will continue to suffer damages in an amount to be determined at trial.

49. However, TriPoint has no adequate remedy at law to compensate it fully for the damages caused by Defendants' further infringement of the BANQ trademark, unless future unlawful acts and infringement by Defendants is enjoined.

**COUNT III**
**Trademark Infringement and Unfair Competition**
**New York Law**
(Against All Defendants)

50. TriPoint repeats and re-alleges the allegations contained in paragraphs 1-49 as if fully set forth in this Count.

51. Defendants' unauthorized use and attempts to register marks confusingly similar to the BANQ trademark and the Common Law Marks are likely to cause confusion, mistake, or deception with the TriPoint Companies or its products and services bearing the BANQ trademark, or result in the mistaken belief by consumers and others that Defendants or their products or services under the Banq brand are sponsored, approved or licensed by TriPoint, or otherwise connected to TriPoint.

52. Defendants' unauthorized use of marks similar to the BANQ trademark and the Common Law Marks constitutes trademark infringement and unfair competition in violation of the laws of the state of New York, including, but limited to, N.Y. General Business Law § 360-k and § 360-o.

53. Upon information and belief, Defendants' activities have been willful, intentional, or in reckless disregard of TriPoint's rights.

54. By reason of Defendants' acts as alleged herein, TriPoint has, and will continue to suffer damages and injury to its business and reputation, and may sustain serious losses of revenue and profits. TriPoint has already suffered monetary damages in an undetermined amount.

55. Defendants' aforementioned conduct are greatly and irreparably damaging to TriPoint and will continue to damage TriPoint unless Defendants' conduct is enjoined by this Court. TriPoint is without an adequate remedy at law.

## RESERVATION OF RIGHTS

The above allegations and claims are based upon information known to TriPoint, and/or TriPoint's information and belief at this time. TriPoint's discovery and investigation in this action is continuing and TriPoint reserves its right to supplement and/or amend such allegations and claims.

## DEMAND FOR TRIAL BY JURY

TriPoint respectfully requests that this matter be heard before a jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff TriPoint Holdings, LLC respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendants:

    a. For injunctive relief;

    b. For actual damages in an amount to be proven at trial;

    c. For punitive damages as provided by law;

    d. For statutory damages as provided by law;

    e. Requiring Defendants to deliver for destruction all products and any other materials of an infringing nature in Defendants' possession or control;

  f. Requiring Defendants to file with this Court and serve on TriPoint a sworn to written report setting forth in detail the manner and form in which Defendants complied with the terms of any injunction ordered by this Court, in accordance with 15 U.S.C. § 1116(a).

  g. For attorneys fees' and court costs; and

  h. For such other relief as this Court may deem just and proper.

**DATED:** December 2, 2019
     Coral Gables, Florida

        Respectfully Submitted,

        **HUNTER TAUBMAN FISCHER & LI LLC**

        */s/ Jenny Johnson-Sardella*
        Mark David Hunter, Esquire
        New York Bar No. 4017331
        Jenny Johnson-Sardella, Esquire
        New York Bar No. 4225850
        2 Alhambra Plaza, Suite 650
        Coral Gables, Florida 33134
        Telephone: (305) 629-1180
        Facsimile: (305) 629-8099
        E-Mail:  mhunter@htflawyers.com
            jsardella@htflawyers.com